## ARMSTRONG *et al. vs.* PUGH.

1. The liability of the sureties of a county officer does not cease upon
their application to the County Judge to require a new bond from
the officer, but continues until the new bond is given, or until the
office is declared vacant on account of the officer's failure to give it.

ERROR to the Circuit Court of Pike.

F. S. JACKSON, for plaintiff in error.

BUFORD, *contra.*

DARGAN, C. J.—This was a motion against Wiley S.
Armstrong, and his securities upon his official bond as clerk of
the County Court of Pike, to recover a sum of money collected
by him as clerk upon a judgment rendered in said County Court,
in favor of the plaintiff, against John Lindsey. The securities
pleaded, that Wilkinson, one of them, thirty days before the lia-
bility of their principal accrued, gave notice to the judge of the
County Court of said county, to cause Armstrong, the clerk, to
renew his official bond. To this plea the plaintiff demurred,
and the demurrer was sustained by the court.

It is made the duty of the respective county judges,
whenever application is made to them by a security of any
clerk, sheriff, or other county officer, to issue a citation to

such officer, to appear before them on some day named there-in, not less than ten, nor more than fifteen, and renew his bond, with good and sufficient securities, for the faithful performance of the duties of his office. And upon the execution of such new bond, the security or securities making the application, shall be discharged from the obligation of the bond previously entered into by them. But such discharge will not relieve them from the liabilities which had been incurred before that time.—Clay's Dig. 534, § 13-14. Under this statute, it is clear that the liabili-ly of a security must continue until the officer gives the new bond in accordance with the order of the County Court, or until the office shall be declared vacant for a failure to do so, which may be done under the 15th section of the same act. That *a security makes application* to the judge of the County Court does not discharge him, but his liability continues for the official acts of the officer, until the new bond is given. The security per-haps can compel the county judge to issue the citation by *man-damus*, and his refusal may give the security making the appli-cation a cause of action against him; these however, are not questions before us. The only question is, whether the applica-tion of a security to the county judge to require a new bond from the officer, will discharge him from liability for the subse-quent defaults of the officer. It is certain that it will not; con-sequently, the demurrer was properly sustained.

Let the judgment be affirmed.